UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| JOSEPH WAYNE ROBBINS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-80-ACL |
| | ) |
| JOE TIFFANY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Joseph Wayne Robbins for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1981 against defendants Joe Tiffany, Savannah Pogue, Gretchen Plaggenburg, Samantha Faulkner, Kevin Kinnard, Ginger Joyner, and Division of Family Services. Plaintiff does not specify the employer or position of any of the individual defendants. He alleges as follows. On March 3, 2017, Tiffany trespassed on plaintiff's property. Plaintiff's former wife's children were living with him at the time. Plaintiff allowed Tiffany to enter the house, and Tiffany said it was fine for the children. Plaintiff alleges that this violates his rights under the Fourteenth, Fourth and Ninth Amendments. Next, plaintiff alleges that on March 7, 2017, Plaggenburg and Faulkner, apparently accompanied by a law enforcement officer, came to his house and took the children, stating "probable cause from

2001." (Docket No. 1 at 3). Plaintiff states that he is the non-offender, that he attended visits when one child discussed episodes of abuse, and that plaintiff saw bruises and marks. Plaintiff alleges that "they never asked [him] anything to do with the parents," that "they" lied to take the children and violate his rights, and that Joyner did not care that the children were being abused during visits. *(Id.)* Plaintiff seeks the following relief:

> Want the children returned to all of us
>
> Want their apology
>
> $1 million should compensate for all the emotional & mental damage done
>
> Them to pay the state back for fraudulent removal of children each one should pay
>
> $1 million for emotional & mental damages done, violations of amendments, trespassing, wrongful removal, false accusations, defamation, physical abuse of children suffered in foster home

(*Id.* at 4)

## Discussion

This case will be dismissed pursuant to the domestic relations exception. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*. In the case at bar, plaintiff is asking this Court to determine that the defendants committed wrongdoing in connection with state child custody proceedings, and enter an order changing the children's custody status. This Court cannot, as plaintiff suggests, change state custodial determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703

(1992) (questions concerning child custody are left entirely to state courts to answer). Because the domestic relations exception divests this Court of jurisdiction, this case will be dismissed without prejudice.

The complaint is subject to dismissal for other reasons as well. Plaintiff has failed to state any claim whatsoever against Pogue and Kinnard because he merely listed them as defendants without alleging they committed any specific act or engaged in any wrongful conduct. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

Plaintiff cannot bring an action against the Division of Family Services because it is not a "person" for purposes of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Regarding all of the individual defendants, plaintiff does not allege, with sufficient specificity, that they are state actors. In determining whether a defendant is subject to suit under § 1983, "[t]he ultimate issue" is whether that defendant's "alleged infringement of federal rights ... can fairly be seen as state action." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). If the defendant is not a "state actor," then § 1983 provides no means for relief. *Id.* To the extent the defendants can be understood to be state actors employed by the State of Missouri, the Court notes that plaintiff fails to specify the capacity in which they are sued. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret

4

the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). The Court must therefore construe the complaint as against the governmental entity that employs these individuals, which in this case is the State of Missouri. *Will*, 491 U.S. at 71 (naming an official in her official capacity is the equivalent of naming the entity that employs him); *see also Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Therefore, the complaint is also subject to dismissal pursuant to 28 U.S.C. § 1915(e) because it is legally frivolous or fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 6) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered herewith.

Dated this 26th day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE